## Jones' Petition

*David H. Weiner,* for respondents.

BURNSIDE, J., February 15, 1941.—On May 2, 1940, the Coroner of Washington County presented to the court a petition for grand jury presentment, which recites that it is drawn under the provisions of the Act of June 12, 1893, P. L. 457, par. 1, as amended by the Act of April 18, 1899, P. L. 52, par. 1, 16 PS §3951.

These acts have been further amended by the Act of May 26, 1937, P. L. 895, and, the court having assumed jurisdiction over the matter, we will decide this case as if the original petition had been drawn under the proper act of assembly. The amendment last cited reads as follows:

"County commissioners of each and every county in this Commonwealth, except in counties of the first class where the coroner shall be, and he or they are hereby authorized, and empowered upon presentment of two successive grand juries of the county, to buy or rent real estate and erect and maintain a morgue thereon at the expense of such county for the reception and care of the bodies of all unclaimed deceased persons upon whom it may be necessary to hold a coroner's inquest, and such other bodies as the coroner of such county may by written order direct to be received therein."

The coroner's petition prayed "that an order be made by your Honorable Court directing and authorizing the grand juries for the May term of court 1940, and August term of court 1940, to make an inspection and investigation of the premises or rooms assigned to the Coroner of Washington County, Pa., for the furtherance of the functions of his office and report to the court

as to the necessity for the furnishing or installation of any office furniture, dockets, or supplies as may be found necessary to make possible the efficient function of the office of the Coroner of Washington County, Pa."

On the same date the court signed the prepared order attached to said petition, directing the grand juries for the May and August terms to make an investigation and "make written report to the court as to the need or necessity for the installation of office furniture, supplies, or dockets to make possible the efficient further-ance of the responsibility and oath of office of the coroner."

The matter was presented to the May term grand jury, which body, on May 4, 1940, made the following return:

"We, the members of the grand jury for the May term, 1940, after viewing the premises of the Coroner of Washington County, and after hearing testimony in support of the above petition, hereby recommend the prayer of the petition and the expenditure of money necessary to equip the said premises, this sum not to exceed $1,000."

The petition was also submitted to the August term grand jury, which body, on August 24, 1940, made a return in the exact language of the May term grand jury above quoted.

Following the action of the two grand juries, the coroner caused a rule to issue against the county com-missioners, requiring them to show cause why they should not make available a sum not to exceed $1,000 to equip and maintain a morgue in the County of Wash-ington. The county commissioners contest this rule, and move to dismiss the entire proceedings because they are not warranted by law.

The rule must be discharged. Neither in the prayer of the petition, the order of the court, nor the grand jury returns, does the word "morgue" appear. Under no possible construction do the grand jury returns au-

thorize the expenditure of county funds for the construction of a morgue. The returns only recommend the granting of the prayer of the coroner's petition, which prayer fails in any manner whatsoever to refer to the erection or maintenance of a morgue.

Furthermore, the county commissioners have refused in the exercise of their authority as the fiscal agents of Washington County to appropriate money for the purpose of erecting or maintaining a morgue. In the exercise of an honest discretion, they have the right to make such refusal. The act of assembly quoted above "authorizes and empowers" the county commissioners to erect and maintain a morgue after certain action on the part of two successive grand juries, but the act is not mandatory. It is merely an enabling act.

It will be noted that the act of assembly above quoted refers to coroners in counties of the first class and county commissioners of every other county in the Commonwealth, and then says "and he or they are hereby authorized, and empowered". The antecedent of the word "he" is plainly the coroner of counties of the first class. In counties of the fourth class, such as our own, the coroner is not "authorized and empowered", but it is the county commissioners who are granted authority, in their discretion, to erect and maintain a morgue.

The words "authorize" and "empower" are synonymous terms. Their meaning is to give a right to act. In the case of Klinck v. Pounds, 163 N. Y. Supp. 1008, (Supreme Ct. Spec. Sess.), it was held that an act of assembly which provides, "The city of New York is authorized to erect" a court house building is not mandatory, since "authorized" is distinguished from "required" or "directed", and is not on its face mandatory, and that the provisions of the act were effective only in case the city decided to avail itself of the permission granted.

Assuming that proper presentments had been made by the two grand juries recommending that the county

684

erect and maintain a morgue, we hold that the decision as to the propriety of following a recommendation of the grand juries would still have been within the discretion of the county commissioners. Clearly, as the law now exists, the coroner will have to use his persuasive powers upon the county commissioners in order to obtain the furnishings and maintenance of a morgue.

The recommendation of the grand jury, insofar as it relates to the furnishings of office furniture, dockets, or supplies, is entirely unnecessary. The Act of April 25, 1889, P. L. 52, as amended by the Act of May 29, 1907, P. L. 308, provides that ". . . the county commissioners . . . shall, at the proper cost of the respective counties, furnish the office furniture, blank books, blanks, dockets, supplies, and stationery required for each of the county officers whose offices are located in the county buildings at the county seat . . . ."

It is the duty of the county commissioners to furnish the various supplies referred to in the prayer of the coroner's petition upon proper requisition by the coroner. No grand jury intervention is necessary.

And now, February 15, 1941, for the reasons hereinbefore stated, the proceedings filed at the above number and term are herewith dismissed.